# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1831

———————

Allen Payne; Debra Payne,      *
       *
       Appellants,      *
       * Appeal from the United States
       v.      * District Court for the
       * Western District of Missouri.
United States of America,      *
       * [UNPUBLISHED]
       Appellee.      *

———————

Submitted: October 7, 2004
Filed: October 13, 2004

———————

Before MELLOY, HANSEN, and SMITH, Circuit Judges.

———————

PER CURIAM.

Allen and Debra Payne appeal the district court's[1] adverse grant of summary judgment to the United States in this medical malpractice action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 (FTCA). Upon de novo review, see Meyers v. Neb. Health and Human Servs., 324 F.3d 655, 658-59 (8th Cir. 2003), we agree that summary judgment was proper, because the undisputed evidence showed that Allen was or should have been aware of his injury and its cause no later than April 1, 1991, the date of a letter he sent to the Department of Veterans Affairs (VA),

———————

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

seeking increased benefits, see Motley v. United States, 295 F.3d 820, 822 (8th Cir. 2002) (FTCA claim for medical malpractice accrues when plaintiff actually knew, or in exercise of reasonable diligence should have known, cause and existence of injury). Even if Allen did not actually know of the probable cause of his injury on that date, he would have discovered the probable cause in short order if he had exercised reasonable diligence, and the undisputed evidence showed that he did not. See United States v. Kubrick, 444 U.S. 111, 123-24 (1979) (plaintiff has responsibility to seek advice in medical community once aware of harm and cause); Garza v. United States Bureau of Prisons, 284 F.3d 930, 935 (8th Cir. 2002) (suspicions of claim give rise to duty to inquire into existence of claim in exercise of due diligence; determination of whether plaintiff acted reasonably is objective). Because Allen knew or should have known of his injury and its probable cause more than two years before January 1999, the Paynes' January 1999 and March 2000 administrative claims to the VA were untimely, and their action is barred. See 28 U.S.C. § 2401(b) (plaintiffs must file claim with federal agency within 2 years of accrual of tort claim). We agree with the district court that the Paynes did not show any basis for equitable tolling.

Accordingly, we affirm the judgment of the district court.

_____